UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY GOLD | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:19-cv-456 |
| | § | (Jury Trial Demanded) |
| | § | |
| SIX CONTINENTS HOTELS, INC. | § | |

### **DEFENDANT IHG MANAGEMENT (MARYLAND) LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:

Defendant, IHG Management (Maryland) LLC (incorrectly named as Six Continents Hotels, Inc.), files this Notice of Removal of a state-court action, pursuant to 28 U.S.C. §§1441(a), 1446(a), and would respectfully show the Court the following:

### **I. INTRODUCTION**

1. Plaintiff, Jeffrey Gold, filed his Original Petition to commence this civil action in the 126th Judicial District Court of Travis County, Texas styled *Jeffrey Gold v. Six Continents Hotels, Inc.*, Cause No. D-1-GN-19-001542, on March 21, 2019.

2. Defendant IHG Management (Maryland) LLC (incorrectly named as "Six Continents Hotels, Inc.") was served with Plaintiff's Original Petition on March 28, 2019. On April 21, 2019 Defendant IHG Management (Maryland) LLC (incorrectly named as "Six Continents Hotels, Inc.") filed its Original Answer.

3. On April 22, 2019, Defense counsel sent Plaintiff's counsel a correspondence to address the misnomer of Defendant and ask Plaintiff to correct the misnomer and properly identify IHG Management (Maryland) LLC as the proper party to the suit. Defense counsel sent a follow up correspondence on April 25, 2019 regarding this issue. To date, Defense counsel has not received a

response to the inquiry. Therefore, Defendant timely files this notice of removal within the 30-day time period required by and pursuant to 28 U.S.C. §1446(b)(1).

## II. BASIS FOR REMOVAL

4.  Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5.  At the time the state-court action was commenced and as of the date of this notice, Defendant IHG Management (Maryland) LLC was and is a Limited Liability Company organized and formed in and under the laws of the State of Maryland, having its principal offices in the State of Georgia. The Plaintiff, Jeffrey Gold, is a citizen of the State of Florida. Defendant points out that removal of this action is proper even despite the misnomer of Defendant IHG Management (Maryland) LLC, who was originally incorrectly sued as "Six Continents Hotels, Inc.," based on complete diversity of the parties, as Six Continents Hotels, Inc. is also a foreign corporation. Removal of this action by the proper entity, IHG Management (Maryland) LLC, has no effect on diversity jurisdiction.

6.  Plaintiff has brought this suit against Defendant claiming premises liability and negligence and seeking to recover for damages related to alleged injuries he sustained as a result of an alleged slip and fall incident which purportedly occurred while he was walking through Defendant's hotel lobby. Plaintiff alleges that as a direct and proximate result of Defendant's actions, he now seeks to recover damages relating to:

    a. Reasonable and necessary medical expenses in the past and future;

    b. Physical pain, suffering, and mental anguish in the past and future;

    c. Physical impairment in the past and future;

    d. Disfigurement in the past and future;

   e. Prejudgment and post-judgment interest.

7. In Texas, all original pleadings that set forth a claim for relief must contain a specific statement of the relief the party seeks, pursuant to Texas Rules of Civil Procedure 47(c). In Plaintiff's Original Petition, Plaintiff asserts damages in excess of $200,000 but less than $1,000,000. It is therefore facially apparent from Plaintiff's initial pleadings that he is demanding monetary relief in an amount that exceeds the minimum jurisdictional amount of $75,000.00. 28 U.S.C. §§1332(a); 1446(c)(2).

8. There are no other defendants in this case that would require consent to removal. 28 U.S.C. §1446(b)(2)(A).

9. A copy of all process, pleadings, and orders served upon Defendant in the state-court action are attached hereto as "Exhibit A," as required by 28 U.S.C. §1446(a).

10. Venue is proper in this district court because this district and division encompass the place in which the state-court action is pending.

### III. JURY DEMAND

11. Defendant has made a jury demand in the state-court action; therefore, Defendant is not required to renew its demand. Fed. R. Civ. P. 81(c)(3)(A).

### PRAYER

WHEREFORE, Defendant IHG Management (Maryland) LLC respectfully requests that this action proceed in this District Court as an action properly removed to it, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

BY: _____
GINA A. LUCERO
State Bar No.: 00791144
**Attorney-In-Charge**
1776 Yorktown, Suite 100
Houston, Texas 77056
Telephone: (713) 225-3400
Facsimile: (713) 225-3300
Email: glucero@lucerowollam.com

**COUNSEL FOR DEFENDANT,
IHG MANAGEMENT (MARYLAND) LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April, 2019 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Fed.R.Civ.P. 5(a), (b).

Gary Gibson
Carabin & Shaw, P.C.
630 Broadway
San Antonio, TX 78215

_____
GINA A. LUCERO

4