IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY GOLD | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 1:19-CV-00456 |
| VS. | § | (JURY TRIAL DEMANDED) |
| | § | |
| IHG Management, LLC | § | |
| *Defendants.* | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF, JEFFREY GOLD, Individually, and files this, his *Plaintiff's Amended Petition and Request for Disclosure* complaining of IHG Management, LLC., a Delaware Corporation, hereinafter referred to as "DEFENDANT," and for cause of action would respectfully show as follows:

### 1. DISCOVERY CONTROL PLAN

1.01 PLAINTIFF seeks monetary relief of over $250,000.00 but less than $1,000,000.00. PLAINTIFF intends to conduct discovery pursuant to Section 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### 2. PARTIES

2.01 PLAINTIFF is a citizen of Florida and resides in Broward County, Florida.

1

2.02   DEFENDANT is a corporation doing business in Travis County, Texas and may be served at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## 3. VENUE

3.01 This case has been removed to the United States District Court for the Western District of Texas due to Diversity of the parties pursuant to 28 U.S.C § 1332. Furthermore, the amount in controversy properly exceeds the jurisdictional limits of this Honorable Court.

## 4. FACTUAL ALLEGATIONS

4.01   Whenever in this Petition it is alleged that DEFENDANT did any act or thing, it is meant that DEFENDANT'S officers, agents, servants, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with the full authority, knowledge or ratification of or by DEFENDANT, or was done in the normal and routine course and scope of employment of DEFENDANT'S officers, agents, servants, employees, or representatives. Plaintiff, hereby, pleads that the DEFENDANT is vicariously liable for the acts and omission of its agents.

4.02 On or about April 21, 2017, PLAINTIFF was a guest at DEFENDANT'S premises, which is a hotel located at 701 Congress Avenue, Austin, TX 78701. PLAINTIFF was severely injured when he was caused to slip and fall at

2

the Defendant's premises when he stepped into a foreign transitory substance. Specifically, PLAINTIFF slipped on an unmarked liquid substance that the Defendant either created or allowed to remain on the hotel lobby floor, near the elevator. The DEFENDANT'S failure to maintain its premises in a safe condition, in particular the floors of the hotel lobby, was the proximate cause of the PLAINTIFF'S injuries.

## 5. CAUSES OF ACTION

5.01 PLAINTIFF, who was an invitee on Defendant's property, would show that the above-described incident and all resulting damages were proximately caused by the negligence of the DEFENDANT.

5.02 The acts and omissions of the DEFENDANT were, among others, as follows:

a) DEFENDANT created an unreasonably dangerous condition on property within its control by allowing an unmarked liquid substance to remain on the floor of the hotel lobby, near the elevator;

b) The existence of the unmarked liquid substance created an unreasonable danger to the PLAINTIFF;

c) DEFENDANT knew or reasonably should have known of the unmarked liquid substance;

d) DEFENDANT had a duty to use ordinary care to make certain that the unmarked liquid substance did not present a danger to PLAINTIFF. This duty

3

includes the duty to inspect, to make safe and warn of the danger. DEFENDANT breached the duty of ordinary care by failing to warn PLAINTIFF of the danger and by failing to make the dangerous condition safe for the PLAINTIFF, and;

e) DEFENDANT'S breach of duty proximately caused the PLAINTIFF'S injuries.

## 6. DAMAGES

6.01 As a result of DEFENDANT'S acts and/or omissions as set forth above PLAINTIFF sustained bodily injuries within the jurisdictional limits of this court, as follows:

a) Reasonable and necessary medical expenses in the past and future;

b) Physical pain, suffering, and mental anguish in the past;

c) Physical pain, suffering, and mental anguish that, in reasonable probability, he will suffer in the future;

d) Physical Impairment, in the past and future; and

e) Disfigurement, in the past and future,

## 7. PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, JEFFREY GOLD, prays that DEFENDANT be cited to appear and answer in this cause, and that upon final trial hereof, PLAINTIFF recover a judgment against DEFENDANT

for his actual damages and exemplary damages in amounts within the jurisdictional limits of this Court, together with pre-judgment interest thereon at the maximum legal or equitable rate; for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court; and for such other and further relief, at law or in equity, to which he may show himself to be justly entitled to.

> Respectfully submitted,
> **LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
> Attorney for Plaintiff
> 300 SE 17th Street
> Ft. Lauderdale, FL 33316
> Phone (954) 525-0050
> Fax (954) 525-0020
> Service E-mail: Pleadings@anl-law.com
>
> By: /s/ *Jared I. Ross*
> GLEN B. LEVINE, ESQ.
> Florida Bar No. 0144355
> Admitted *Pro Hac Vice* on 5/20/2019
> JARED I. ROSS
> Florida Bar No. 0083857
> Admitted *Pro Hac Vice* on 5/20/2019
> ATTORNEYS FOR PLAINTIFF JEFFREY GOLD

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served via the Court's electronic notification system on this 24 day of June, 2019, on the following:

Gina A. Lucero
1776 Yorktown Street, Suite 100
Houston, Texas 77056
713.225.3400
ATTORNEY FOR DEFENDANT

                                                          / s / *L. James Krell*
                                                          L. James Krell